■ In the Matter of JOHN BOBROWICH, JR., Appellant, v ERSA H. POSTON et al., Constituting THE NEW YORK STATE CIVIL SERVICE COMMISSION, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered September 18, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking the revocation of an appointment by the Public Service Commission. On June 28, 1974, the Civil Service Commission publicly announced an examination for a position with the Public Service Commission as a Principal Nuclear Power Analyst, and petitioner submitted an application for the postion. When he was subsequently advised that he was ineligible for admission to the examination because of a lack of experience, he provided supplementary information which resulted in his being given a rating of 87 and a rank of No. 3 on the eligible list. Thereafter, on October 17, 1974, the Civil Service Commission certified the eligible list, and the Public Service Commission immediately filled the position on a permanent basis by appointing thereto the person who then ranked No. 1 on the eligible list, the incumbent provisional appointee. Petitioner later appealed to the Civil Service Commission on October 19, 1974, and his rating was ultimately increased to 91 and his rank to No. 1. In the instant proceeding, petitioner seeks the revocation of the permanent appointment of the provisional appointee, as noted above, as well as a rescinding of the eligible list for the position in question and a direction that the Civil Service Commission reschedule and conduct as soon as practical an open and competitive examination for said position. Finding that the procedures followed in making the permanent appointment were proper and complied with constitutional and statutory requirements and an absence of any evidence that respondents acted in a capricious or arbitrary manner, however, Special Term dismissed the petition. We agree with Special Term. With regard to the form of the examination utilized herein, it was what is termed an unassembled examination and consisted of a rating based upon an applicant's training and experience. Such an examination is permissible and meets constitutional and statutory requirements as long as it employs an objective standard "which is capable of being challenged and reviewed by other examiners of equal ability and experience" *(Matter of Altman v Lang,* 44 Misc 2d 751, 753, affd 23 AD2d 820, affd 17 NY2d 464). In our opinion, the requisite objectivity was provided in this instance by the coupling of minimum educational requirements with a training and experience rating key which allotted to each applicant, in addition to the lowest possible passing score of 70, a possible additional 22 points based upon professional experience, level of college training, supervisory experience, and other specified professional experience (cf. *Matter of Altman v Lang, supra).* We would additionally note that the announcement of the examination plainly stated on its face that the ultimate selection would be based upon the rating given the training and experience of each qualified applicant, and, accord-

ingly, petitioner's contention that a further examination was required has no merit. If the general information on the reverse side of the announcement made petitioner unsure as to whether there would be a written examination or not, he should have made further inquiry upon filing his application. Also, at all times relevant herein, both petitioner and the provisional incumbent were among the top three on the eligible list, and either one could properly have been named to the position (Civil Service Law, § 61). Nothing in the record indicates that the selection process was unfair, as claimed by petitioner, or that the Civil Service Commission acted in an arbitrary or capricious manner. The judgment of Special Term must be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.